COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-441-CR

 

 

TAMYRA PEREZ SHIVERS                                                     APPELLANT

A/K/A
TAMYRA LOUISE SHIVERS

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM
THE 78TH DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Tamyra Perez
Shivers a/k/a Tamyra Louise Shivers entered a plea bargain and pleaded guilty
to the offense of theft under $1,500 - repetition.  She now attempts to appeal her
conviction.  On November 24, 2008, we
notified Shivers that we had received the trial court=s certification of her right to appeal and that it stated that she had
waived her right to appeal.  We stated
that we would dismiss the appeal unless Shivers or any party desiring to
continue the appeal filed with the court a response showing grounds for
continuing the appeal.

Shivers timely responded to
our letter, contending that she wished to appeal her judgment and sentence on
the grounds that she did not enter her plea knowingly and voluntarily and that
she did not enter her waiver knowingly and voluntarily.  The judgment states that after Shivers
entered a plea of guilty, 

A[t]hereupon,
the Defendant was admonished by the Court of the consequences of the plea(s);
it appeared to the Court that the Defendant was competent to stand trial and
that the defendant was not influenced in making said plea(s) by any
consideration of fear or by an[y] persuasion prompting a confession of guilty;
and the Court received the free and voluntary plea(s), which are now entered of
record in the minutes of the court.@ 

 

The record also includes ADefendant=s Waiver Of
Rights To Appeal, File Motion For New Trial, And Make Motion In Arrest Of
Judgment.@  That document, which was signed by both
Shivers and her trial counsel, states that A[t]he defendant does knowingly, intelligently[,] and voluntarily waive
his/her rights to appeal . . . .@








Because the record
establishes that Shivers signed a waiver of her right to appeal and because the
trial court found that she had waived her right to appeal and did not grant her
permission to appeal, we must dismiss this appeal.  See Tex. R. App. P. 25.2(d) (stating
that Aappeal must be dismissed if a certification that shows the defendant
has the right of appeal has not been made part of the record@); Shafique v. State, Nos. 02-05-00261-CR, 02-05-00262-CR, 2005
WL 1926425, at *1 (Tex. App.CFort Worth Aug. 11, 2005, no pet.) (mem. op., not designated for
publication) (dismissing appeal because trial court=s certification stated that appellant had waived his right to appeal);
see also Tex. R. App. P. 43.2(f), 44.3.

 

PER CURIAM

 

PANEL:
WALKER, J.; CAYCE, C.J.; and MCCOY, J.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  January 15, 2009











[1]See Tex.
R. App. P. 47.4.